[Sac. No. 645.    Department One.—September 17, 1900.]

## E. E. HUNTLEY, Appellant, v. SAN FRANCISCO SAVINGS UNION, Respondent.

DEED FROM FATHER TO SON—DEPOSIT WITH NOTARY—DELIVERY—PRECE-
DENCE OF TRUST DEED.—A deed from a father to his son, signed, ac-
knowledged, and left with the notary under an agreement be-
tween the parties that it was not to be recorded, and was
to be delivered to the son only in case of the death of the
father, is not operative from its date nor prior to its actual
delivery to the son; and a deed of trust given by the father
for money borrowed, which was executed and recorded prior to
the final delivery and record of the deed to the son, takes
precedence thereof.

ID.—PERMISSIVE POSSESSION OF SON—VERBAL CONTRACT FOR GIFT—AD-
VERSE POSSESSION NOT SHOWN.—Where it appeared that the son
was permitted to take possession of the land under a verbal
understanding with the father that if he could make a living
thereon he would give it to him, his possession is not under
claim of title adverse to that of the father, in the absence of
a showing that he ever asserted or claimed adversely to the
father.

ID.—POSSESSION AS NOTICE OF RIGHTS OF SON.—The possession of
the son at the time of the execution of the deed of trust
could not operate as notice of any other rights of the son than
those established at the trial and found by the court upon
sufficient evidence, viz., that he took possession by permission
of his father, that the father held the legal title to the land,
and that the son would not become the owner until delivery of
the deed as agreed upon.

ID.—EQUITABLE RIGHT OF SON—INSUFFICIENT PROOF—MERGER IN DEED
AND AGREED CONDITIONS.—Where no consideration was paid for the
right of entry upon the land by the son, and it does not ap-
pear that any improvements were made by him which were
not compensated by the rents, issues, and profits, an equitable
right was not shown in his favor as against the father; but
any possible equitable right which he may have had to en-
force a conveyance ceased upon the execution of the deed by
the father under the agreement then made, and the rights of
the son were thereafter measured by the terms of that transac-
tion and the conditions then agreed upon on which the deed
was to be delivered to him.

APPEAL from a judgment of the Superior Court of Stanis-
laus county and from an order denying a new trial.    William O.
Minor, Judge.

The facts are stated in the opinion of the court.

L. J. Maddux, for Appellant.

E. H. Rixford, and P. H. Griffin, for Respondent.

HARRISON, J.—Suit to quiet title. The defendant alleged an interest in a portion of the lands described in the complaint, by virtue of a deed of trust executed by the plaintiff's grantor to secure an indebtedness to it, and disclaimed as to the remainder of the land described in the complaint. Judgment was rendered against the claim of the plaintiff so far as it extends to the lands in which the defendant claimed an interest, and from this judgment and an order denying a new trial he has appealed.

The land in which the defendant claims an interest is part of a tract which belonged to L. L. Huntley, the father of the plaintiff, who in 1876 said to the plaintiff that he could go upon the land, and if he could make a living there he would give it to him. The place was at that time in possession of one Hall, to whom it had been rented by the father of the plaintiff. After Hall's lease had expired, the plaintiff went upon the land, and thereafter cultivated and improved it and lived upon it a portion of the time. Between August, 1885, and September, 1886, he resided in Lassen county, and in November, 1885, his father executed a mortgage thereon to the Humboldt Savings & Loan Society, to secure the payment of three thousand five hundred dollars borrowed by him from that bank. December 13, 1889, the father signed and acknowledged a conveyance of the land to the plaintiff, but the same was not recorded until June, 1891. In the meantime, viz., November 10, 1890, his father borrowed from the defendant eight thousand dollars, and as security for its payment executed a deed of trust upon the lands in which the defendant claims an interest, and with a portion of the money so borrowed paid off the mortgage to the Humboldt Bank.

1. The court finds that the plaintiff was not the owner of any portion of the land until the 8th of June, 1891. This finding is challenged by the plaintiff upon the claim that the deed

from his father was delivered to him at its date, and that he thereupon became the owner of the land. Whether this deed was delivered at its date, or not until the day it was recorded, was a disputed fact before the superior court. The father testified that prior to its date the plaintiff had asked him to make him a deed of the land, so that in case of his (the father's) death he would not lose the land, and that he consented to make the deed upon the condition that it should not be recorded, and that this was agreed to by the plaintiff. He further testified that he signed and acknowledged the deed and left it in the hands of the notary to be delivered to the plaintiff only in case of his death; that it was his understanding and intention, at the time, that the deed was to be delivered only in case of his death; that he so expressed it, and that the notary and the plaintiff heard it and so understood it at the time. The notary was not called as a witness, and, although the plaintiff gave a different version of the transaction, yet, as the court found in accordance with the testimony of the father, it must be accepted as a fact that the deed was not delivered at its date. The only evidence of its subsequent delivery was that of the plaintiff, who testified that he received it from the notary on the day that it was recorded. That the deed was not operative to transfer the title from the father until its delivery needs no citation of authority.

2. The claim of the plaintiff that he had acquired title to the land by adverse possession cannot be maintained. His possession thereof was not taken under any claim of title, but was taken with his father's permission, for the purpose of ascertaining whether he could make a living out of it; and there is nothing in the record tending to show that he ever asserted or claimed to hold possession of the land adversely to his father. No claim of this nature was made in the court below, and in his specifications of error and insufficiency of evidence he makes no reference to having acquired a title by adverse possession, but claims that he has been the owner at all times since 1876.

3. The plaintiff further claims that his possession of the land at the time his father executed the deed of trust was notice to the defendant of his claim thereto, and put defendant upon in-

quiry as to the extent of such claim, and that the defendant took the deed of trust charged with notice of all the facts that such inquiry would have disclosed. If it be conceded that the possession of the plaintiff was such as to charge the defendant with notice of whatever facts an inquiry would have disclosed, it cannot be assumed that such inquiry would have disclosed any other or different facts than those established at the trial herein, viz., that the possession of the plaintiff was with the permission of his father, and that his father still held the legal title to the land, and that the plaintiff would not become the owner until the delivery to him of the deed from his father. The plaintiff did not show any equitable right to the land as against his father. He had paid no consideration for the right of entry upon the land, or for its possession, and, although he had expended certain moneys and labor in improving the land, he testified that he was all the time in the enjoyment of its rents, issues and profits, and it does not appear that for the money and labor thus expended by him he was not thereby fully recompensed. Moreover, whatever equitable right he may have had to enforce a conveyance from his father ceased when his father made the conveyance of December 13, 1889, and thereafter his rights were to be measured by the terms of that transaction and the condition then agreed upon on which the deed was to be delivered to him.

The judgment and order are affirmed.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.